PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* VICENTE VARELA, Defendant and Appellant.

No. 4296.   Argued November 24, 1930.—Decided March 3, 1931.

*A. García Ducós* for appellant.   *R. A. Gómez* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

The *Fiscal* moves to dismiss this appeal for failure to serve notice thereof on the district attorney.

Section 350 of the Code of Criminal Procedure provides for the taking of an appeal ''by filing with the clerk of the court in which the judgment or order appealed from is en-

tered or filed, a notice stating the appeal from the same, and serving a copy thereof upon the attorney of the adverse party."

Within the time prescribed by the preceding section a notice of appeal was filed with the clerk and defendant was released on bail. Within that time the district attorney stated in conversation that defendant had appealed from the judgment herein. Within that time appellant served notice of a motion for a transcript of the evidence and filed the motion. In the opening paragraph of that motion appellant stated that he had taken an appeal to the Supreme Court from the judgment rendered in this case. Later the district attorney together with counsel for appellant signed a stipulation whereby they submitted a transcript of the evidence to the district judge for his approval.

Appellant is a man of sixty-five years, illiterate and indigent. While confined in the penitentiary his notice of appeal was prepared for him by a fellow prisoner. When he had fixed his mark thereto the warden sent it by mail to the clerk of the district court. Appellant when released from custody assumed that his appeal had been properly perfected.

The purpose of the statutory requirement as to service of a copy of the notice of appeal on the district attorney is to inform the district attorney of defendant's first step in the prosecution of his appeal. Here the district attorney had both actual and written notice of the appeal. The notice contained in the first paragraph of the motion for a transcript of the evidence was a substantial compliance with the statute. By signing the stipulation for approval of that transcript the district attorney waived any formal defect in the notice so given.

The motion to dismiss will be denied.

Mr. Justice Aldrey dissented.

Mr. Justice Wolf concurs in the judgment.